# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| **EDUARDO GUADALUPE VIZCAYNO,** § | |
| **TDCJ-CID No. 2042663,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 7:22-CV-052-O |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Eduardo Guadalupe Vizcayno, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary action. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

## I.  BACKGROUND

Petitioner is serving a sentence of ten years' incarceration following his plea of guilty to intoxication manslaughter in Case No. D-45,700 in the 161st Judicial District Court, Ector County, Texas. ECF No. 19, Ex. A.

On May 13, 2022, Petitioner was notified that he was being charged with prison disciplinary offenses of (1) refusing or failing to obey orders, (2) using indecent or vulgar language in the presence of or directed at an employee, and (3) creating a disturbance. ECF No. 21-2 at 2.[1] The latter charge was dismissed and Petitioner was found guilty of the other charges. *Id.*; ECF No. 21-1 at 2–3. His punishment was assessed at loss of 45 days' commissary and loss of 30 days'

---

[1] The page references are to "Page __ of __" reflected at the top right portion of the document on the Court's electronic filing system.

good time credit. *Id.* Petitioner filed a Step One grievance, which was denied. ECF No. 21-1 at 2–3. He did not pursue a further appeal.[2]

Petitioner raises four grounds in support of his petition, asserting racial discrimination, racial retaliation, racial slandering, and racial hazing. ECF No. 1 at 6–7.

## II. APPLICABLE LEGAL STANDARDS

### A. Disciplinary Proceedings

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest--that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). If those requirements are met, the court only looks to see whether there is some evidence in the record that could support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

### B. Exhaustion

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In the case of a prison disciplinary proceeding, the

---

[2] In fact, Petitioner admits that the Step One grievance had not been resolved when he filed his petition in this action. ECF No. 1 at 5.

petitioner must exhaust his administrative remedies by pursuing both steps of the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). The grievances must be presented in a procedurally correct manner according to the applicable rules. *Castille*, 489 U.S. at 351. And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III. ANALYSIS

Here, Petitioner recognizes that he failed to exhaust his administrative remedies. ECF No. 1 at 5. He has not shown that any extraordinary circumstances excuse his failure to exhaust. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (a petitioner must pursue appeal to give administrative body a chance to act). He cannot pursue relief here.

Further, although the Court need not address the merits of the petition, Petitioner could not prevail for the reasons discussed by Respondent. ECF No. 19 at 7–9. Petitioner received all the process he was due and the conviction is supported by some evidence. *See* Doc. 21-2 at 2, 8–11. Moreover, his allegations of racial discrimination are not properly raised in a habeas proceeding. Rather, conditions of confinement should be addressed in an action under 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

**IV.    CONCLUSION**

For the reasons discussed herein, the petition is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd day** of **March, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**